918 F.2d 185
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MESSERSCHMITT-BOLKOW-BLOHM, GmbH, Plaintiff-Counterdefendant-Appellee,
v.
HUGHES AIRCRAFT COMPANY, a body corporate and Edith L.
McLean, Mark McLean and California First Bank,
Trustees under Deed of Trust from
William B. McLean and Edith L.
McLean, Defendants, and
Walter G. Finch, Defendant/Counterclaimant-Appellant.
In re Walter G. FINCH, Edith L. McLean, Mark McLean and
California First Bank, Petitioners.
 No. 90-1421.
 Misc. No. 287.
 United States Court of Appeals, Federal Circuit.
 Sept. 5, 1990.
 
 Before MICHEL, Circuit Judge, and COWEN and SKELTON, Senior Circuit Judges.
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 Messerschmitt-Bolkow-Blohm GmbH (MBB) moves to dismiss Walter G. Finch's appeal No. 90-1421 on the ground that the orders being appealed are not final or appealable. Finch opposes the motion. In the event the court finds that one of the orders is not appealable, Finch seeks review of that order by way of a petition for writ of mandamus.
 
 
 2
 On May 7, 1990, the district court issued three orders that: (1) granted MBB's motion to strike Finch's appeal from a magistrate's order concerning discovery, (2) denied Finch's motion for leave to amend his counterclaim against MBB, and (3) denied Finch's motion for leave to amend his cross-claim against his co-defendant, Hughes Aircraft Company. In his response to MBB's motion to dismiss, Finch's concedes that the first order is not appealable, but argues that the second order is appealable.* However, in his mandamus petition filed a few days later, Finch concedes that an appeal is not the proper procedure for seeking review of the second order and requests that we review the order by way of mandamus.
 
 
 3
 The remedy of mandamus is a drastic one to be invoked only in extraordinary situations. Will v. United States, 389 U.S. 90, 95 (1967). A judicial readiness to issue a writ in anything but an extraordinary situation runs the real risk of defeating the policy against piecemeal appeals. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Hence, petitioner must show that its right to issuance of the writ is clear and indisputable and that it lacks other adequate means to obtain the relief desired.
 
 
 4
 A trial court's ruling on a motion for leave to amend will rarely, if ever, justify issuance of a writ. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (concerning a trial court's ruling ordering a new trial). A litigant is free to seek review of such a ruling on direct appeal after final judgment. Consequently, it cannot be said that the litigant lacks other adequate means to seek the relief desired. Moreover, where a matter is committed to the discretion of the trial court, it cannot be said that a litigant's right to a particular result is clear and indisputable. Allied, 449 U.S. at 36.
 
 
 5
 Accordingly, Finch not having met his burden of showing that he is entitled to a writ,
 
 IT IS ORDERED THAT:
 
 6
 (1) MBB's motion to dismiss appeal no. 90-1421 is granted.
 
 
 7
 (2) Finch's petition for writ of mandamus is denied.
 
 
 
 *
 Finch does not address the third order in either his response or his mandamus petition